IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AARON EDWARD STRONG, | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-349-CAR-AGH |
| WARDEN TIMOTHY SALES, *et al.*, | : |
| Defendants. | : |

**ORDER**

Before the Court is a Complaint filed by *pro se* Plaintiff Aaron Edward Strong, an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia (ECF No. 1). Plaintiff moves for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and seeks appointed counsel (ECF Nos. 4, 5). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED** and his motions for appointed counsel are **DENIED**. Plaintiff is **ORDERED** to provide additional information regarding his claims if he wishes to proceed with this action.

**MOTIONS FOR APPOINTED COUNSEL**

Plaintiff filed two motions seeking appointed counsel (ECF Nos. 4, 5). "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir.

1996)).  Exceptional circumstances justifying appointment of counsel exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler*, 899 F.2d at 1096. "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Plaintiff's case does not present exceptional circumstances.  The applicable legal doctrines in this case are readily apparent, and nothing in Plaintiff's motions indicates that he will not be able to comply with this Order, which will help him present the essential elements of his claims to the Court.  Plaintiff's motions to appoint counsel (ECF Nos. 4, 5) are consequently **DENIED**.  Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.  Consequently, there is no need for Plaintiff to file additional requests for counsel.[1]

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Plaintiff's submissions indicate that he cannot pay the filing fee.  His application to proceed *in forma pauperis* (ECF

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action.  *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

No. 2) is **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.   Directions to Plaintiff's Custodian

Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation

Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II. Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## ORDER TO SUPPLEMENT OR AMEND

Because Plaintiff is a prisoner who is proceeding *in forma pauperis* in this action, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915A and § 1915(e), which require the Court to review every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner complaint if it "(1) is frivolous,

4

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

Plaintiff's claims arise from his incarceration at the Macon State Prison ("MSP"). Compl. 5, ECF No. 1. According to the Complaint, Plaintiff fell in the shower in early August 2023 and seriously injured his arm. *Id.* As best as the Court can tell, Plaintiff alleges that prison officials caused this fall in two ways. First, Plaintiff contends prison officials failed to provide him adequate medical treatment for a previous injury to his medial collateral ligament ("MCL"). *Id.* Because prison officials never treated this injury, Plaintiff's knee gave out in the shower and caused his fall. *Id.* In addition, Plaintiff appears to contend that prison officials did not allow him to shower in an ADA-compliant shower stall. *Id.* Thus, Plaintiff had no grab bars with which he could have broken his fall, and "all [his] body weight landed on [his] left arm and side." *Id.* Plaintiff also indicates that his MCL injury is "ongoing[,]" and prison officials still have not properly treated it. *Id.*

Plaintiff names MSP Warden Timothy Sales; MSP Medical Administrator Pamela Maxey; and MSP physician Dr. J. Andrews as Defendants in this case. Compl. 4. Plaintiff contends Defendants' actions and inactions violated his constitutional and statutory rights, and as a result he seeks injunctive relief, monetary damages, costs, a jury trial, and "any additional relief this Honorable Court deems proper, just, and equitable." *Id.* at 6.


A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a constitutional claim.  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   To do so, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).  A serious medical need can also arise if "a delay in treating the need worsens the condition."  *Mann,* 588 F.3d at 1307.  "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'"  *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer*, 411 U.S. at 839).  Subjective awareness requires that the defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting

*Farmer*, 511 U.S. at 837). "'[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew].'" *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (alterations in original)). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255.

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [the plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326. "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

Plaintiff's claims concerning his medical treatment are insufficient to meet this standard. Plaintiff provides almost no detail concerning his MCL injury. He does not explain how or when his MCL was injured, what his symptoms are, what treatment he received in the past, and what treatment he believes he still requires. Plaintiff also fails to plead facts sufficient to show that each named Defendant was deliberately indifferent to his MCL injury. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

Plaintiff has not shown how each of the three named Defendants in this case subjectively knew about Plaintiff's medical needs, disregarded those needs, and knew that his or her failure to act placed Plaintiff at substantial risk of serious harm.

Because Plaintiff is acting *pro se*, the Court will give him an opportunity to amend or supplement his pleading to address this deficiency. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue his claims, he is **ORDERED** to amend or supplement his Complaint by including additional information about his claims.

When providing this information, Plaintiff should first clearly identify the medical conditions he believes prison officials failed to properly treat and explain how that medical condition amounts to a "serious medical need" as explained above. Plaintiff should then list each individual or entity he intends to sue in this action on a sheet of paper. Beside each name, Plaintiff should clearly (1) describe each of the medical conditions or symptoms he notified that individual about; (2) identify the date (or approximate date) when Plaintiff notified that particular individual of his condition or symptoms; (3) describe what information Plaintiff told that individual about his condition or symptoms; (4) explain what that individual did (or did not do) when Plaintiff told that individual about his symptoms; and (5) identify the approximate date when Plaintiff received treatment or a denial of treatment from that individual. Plaintiff should also ensure that the case number for this case

8

appears on his amendment/supplement. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to amend or supplement his Complaint as described herein.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but his motions for appointed counsel (ECF Nos. 4, 5) are **DENIED**. Plaintiff is **ORDERED** to amend or supplement his Complaint as directed above within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. Plaintiff is further directed to immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint.** There will be no service of process in this case until further order.

**SO ORDERED**, this 7th day of February, 2025.

                                                 s/ *Amelia G. Helmick*
                                               UNITED STATES MAGISTRATE JUDGE