IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AARON EDWARD STRONG, | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-349-CAR-AGH |
| WARDEN TIMOTHY SALES, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Aaron Edward Strong, an inmate at Macon State Prison in Oglethorpe, Georgia, filed his Amended Complaint (ECF No. 11). Plaintiff's claims are now ripe for screening pursuant to 28 U.S.C. §§ 1915A and 1915(g). For the reasons described below, Plaintiff's claims that Defendants Sales, Maxey, and Andrews were deliberately indifferent to Plaintiff's knee injury and his claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, against those same three Defendants in their official capacities shall proceed for further factual development. It is **RECOMMENDED**, however, that any remaining claims be dismissed without prejudice. Plaintiff's motion for a jury trial (ECF No. 8) is **DENIED as moot**.

### MOTION FOR A JURY TRIAL

As an initial matter, Plaintiff filed a motion that was docketed as a motion for a jury trial (ECF No. 8). In this motion, Plaintiff states, "It is an error for a judge to preside over this case. It is imperative that I have a trial by jury. It is hereby

requested that the error is addressed." Mot. for Jury Trial 1, ECF No. 8. It is unclear why Plaintiff believes there has been an error in this case. To the extent Plaintiff is objecting to the referral of this case to a magistrate judge, federal law permits a district judge to "designate a magistrate judge to hear and determine any pretrial matter before the court," and to issue a report and recommendation on any matters that happen to be dispositive (such as a motion to dismiss or for summary judgment). 28 U.S.C. § 636(b)(1)(A). A district judge's referral to a magistrate judge under § 636(b)(1)(A) does not require the parties' consent. But this referral does not mean Plaintiff will be deprived of a trial by jury, and should this matter proceed to a trial, Plaintiff has properly reserved his right to request a jury trial in his Complaint. *See* Compl. 6, ECF No. 1; *see also* Fed. R. Civ. P. 38(b) (stating that "a party may demand a jury trial by . . . serving the other parties with a written demand" and filing that demand). Plaintiff's motion (ECF No. 8) is therefore **DENIED as moot.**

PRELIMINARY REVIEW OF PLAINTIFF'S AMENDED COMPLAINT

I.   **Standard of Review**

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and

are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

3

U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II. Factual Allegations

Plaintiff's claims arise from his incarceration at Macon State Prison ("MSP"). Compl. 5, ECF No. 1. He alleges that he fell in the shower in early August 2023 and seriously injured his shoulder. *Id.* Plaintiff suggests MSP prison officials caused this fall in two ways. First, Plaintiff contends prison officials failed to provide him adequate medical treatment for a previous injury to the medial collateral ligament ("MCL") of his knee. *Id.* Because prison officials failed to properly treat this injury, Plaintiff's knee gave out in the shower and caused his fall. *Id.* Plaintiff further indicates that his MCL injury is "ongoing," and prison officials still have not properly treated it. *Id.* In addition, Plaintiff appears to contend that prison officials did not allow him to shower in an ADA-compliant shower stall. *Id.* Thus, Plaintiff had no

grab bars with which he could have broken his fall, and "all [his] body weight landed on [his] left arm and side," causing the injuries to his shoulder. *Id.*

Plaintiff names MSP Warden Timothy Sales, MSP Medical Administrator Pamela Maxey, and MSP physician Dr. J. Andrews as Defendants. Compl. 4. Plaintiff contends Defendants' action and inaction violated his constitutional and statutory rights. He seeks injunctive relief, monetary damages, costs, a jury trial, and "any additional relief this Honorable Court deems proper, just, and equitable." *Id.* at 6.

## III. Plaintiff's Claims

### A.  Section 1983 Medical Treatment Claims

Plaintiff first claims that Defendants failed to provide him adequate medical treatment for his knee.[1] A prison official who is deliberately indifferent to an inmate's serious medical needs violates the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To state an Eighth Amendment claim, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating

---

[1] Plaintiff does not appear to contend he has not received adequate medical treatment for his shoulder injury. Though Plaintiff contends the fall "ruined" his supraspinatus tendon, he was evaluated by a doctor who said that the damage was not reparable due to the nature of the injury and Plaintiff's age. *See* Compl. 5; Am. Compl. Attach. 2, at 15, ECF No. 11-2.

5

treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann,* 588 F.3d at 1307. "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 411 U.S. at 839). Subjective awareness requires that the defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "'[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew].'" *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (alterations in original)). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255. Even if a

6

defendant is subjectively aware of a substantial risk of serious harm, however, "he 'cannot be found liable under the Cruel and Unusual Punishments Clause' if he 'responded reasonably to the risk.'"  *Id.* at 1262 (quoting *Farmer*, 511 U.S. at 844-45).

The final element simply requires "that a defendant have a causal connection to the constitutional harm."  *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).  "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct."  *Id.* at 1326.  "Causation, of course, can be shown by personal participation in the constitutional violation."  *Id.* at 1327.

Plaintiff contends that he made "medical person[n]el . . . aware of a pain in the knee area" starting in February of 2018, but "[t]he condition and or symptoms were not an extreme pain at that time."  Am. Compl. 1, ECF No. 11.  He states his condition began to worsen in February 2019, while he was in Smith State Prison.  *Id.*  When he reported the pain to prison officials there, they gave him Tylenol.  *Id.*  Plaintiff states his condition continued to worsen over the next several years.  *Id.* at 2.

In June 2023, Plaintiff was housed in MSP.  *See* Am. Compl. 2.  By this time, Plaintiff had developed a "slight limp," and he told MSP Deputy Warden of Care and Treatment Curtis Jeffries that his pain "was about a 7 on a scale of 1-10."  *Id.*  Plaintiff "was told [he] would be seen soon," and he had an x-ray in July 2023.  *Id.*  Over the next 18 months, Plaintiff developed a "pronounced limp," Am. Compl. Attach. 2, at 34, ECF No. 11-2, and he continued to experience pain as well as

7

"throbbing and twitching of the leg," Am. Compl. 2.

During this time, Plaintiff repeatedly requested an MRI, among other things. *See, e.g.*, Am. Compl. Attach. 2, at 3 ("I have constantly written about my (MCL), leg, and thus far, <u>NOTHING</u>"). As best as the Court can tell from the documents attached to the pleadings, Plaintiff saw an "upper-level provider" on August 25, 2023 who provided him with pain medication and ordered an x-ray, *id.* at 5;[2] saw a provider regarding his knee on or about December 7, 2023 and was "assessed/trx [presumably, treated] & referred," *id.* at 13; and was ordered pain medication and physical therapy sometime in early 2024, *see id.* at 16. Plaintiff attempted physical therapy twice, but he was unable to complete the treatment because the therapy caused him "unbearable" pain. Compl. 3. An MRI was finally done on December 23, 2024, but Plaintiff contends that "<u>NOTHING</u> or any kind of treatment has taken place" regarding his knee since this MRI. Am. Compl. 2.

Although the precise nature of Plaintiff's knee injury is not clear from the pleadings, Plaintiff has clearly alleged that he is in significant pain. *See, e.g.*, Am. Compl. 2 (reporting pain rated at a seven on a ten-point scale). "[P]rison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain" or by deciding "to take an easier but less efficacious course of treatment." *McElligott v. Foley*, 182 F.3d 1248, 1255, 1257 (11th Cir. 1999). Indeed, it is "[a] core principle of Eighth Amendment jurisprudence . . . that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly

---

[2] It is not clear if Plaintiff received this x-ray.

8

inadequate care, cause a prisoner to needlessly suffer the pain resulting from" an illness or injury. *Id.*

In this case, Defendants provided Plaintiff with some medical treatment, as described above. At the same time, however, Plaintiff pleads facts suggesting that all three Defendants knew that this course of treatment was not working, but they failed to adequately address his significant and ongoing pain. *See, e.g.*, Am. Compl. Attach. 2, at 7 (letter to Defendant Sales describing continuing pain); *id.* at 18-20 (letter to Defendant Maxey describing ongoing pain and stating that he could not complete therapy due to pain); *id.* at 22 (letter to Defendant Andrews stating that pills were not helping pain). He also contends he has not received any additional treatment in the months after the MRI was performed. Am. Compl. 2. The Court therefore cannot conclude that Plaintiff's claims are necessarily frivolous at this early stage. *Parzyck v. Prison Health Servs.*, 290 F. App'x 289, 291 (11th Cir. 2008) (inmate whose "condition prevented him from walking normally and caused him extreme pain on a daily basis" stated Eighth Amendment claim). These claims shall proceed for further factual development against Defendants Sales, Maxey, and Andrews.

B.  ADA Claims

Plaintiff also suggests that Defendants violated the ADA by failing to provide him with an accessible shower.[3] Title II of the ADA provides that "no qualified

---

[3] Courts have also found "that the failure to provide handicap-accessible bathroom facilities may violate the Eighth Amendment." *Stoudemire v. Mich. Dep't Corr.*, 614 F. App'x 798, 803 (6th Cir. 2015) (collecting cases). In this case, however, it appears that the only person to whom Plaintiff complained about the accessible shower was Deputy Warden of Care and Treatment Jeffries, who is

9

individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. State agencies and prisons are "public entities" which may be sued under the ADA. *United States v. Georgia*, 546 U.S. 151, 154 (2006). To state a claim under the Title II of the ADA,

> a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

Plaintiff alleges that the injury to his knee causes it to "give," which in turn caused his initial fall and the significant damage to his shoulder. *See, e.g.*, Am. Compl. Attach. 2, at 7. He also states that this instability in his knee continues, that he effectively only has the use of one arm, and that he fears another fall. *See, e.g., id.* at 32. He also contends he notified prison officials of his need for an accessible shower, but did not receive access to one. *See, e.g.,* Am. Compl. Attach. 2, at 14 (letter to Jeffries stating that "<u>no</u> details in the shower(s) has changed" and "[t]he ADA/handi-cap shower is in complete disarray with <u>no</u> changes made to accompany an elder individual with safety feature required by ADA"). These allegations are sufficient to state an ADA claim at this stage of the case. *See, e.g., Kiman v. N.H.*

---

not named as a Defendant in this action.  *See* Am. Compl. Attach. 2, at 14; Compl. 4.  The Court thus construes these claims as being brought solely under the ADA.

10

*Dep't of Corr.*, 451 F.3d 274, 288 (1st Cir. 2006) (finding genuine issues of material fact on ADA claims existed where plaintiff "presented evidence that corrections officers prevented him from using the shower chair or accessible shower facilities despite his repeated requests").

Plaintiff cannot hold Defendants personally liable for any alleged ADA violations because "there is no individual capacity liability under Title II of the ADA." *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005). Plaintiff, however, does allege that he seeks to bring claims "against each Defendant in their personal and professional capacities." Compl. 4. This allegation can be liberally construed as seeking to bring his ADA claims against Defendants in their official capacities, and those claims shall proceed for further factual development. To the extent Plaintiff seeks to bring ADA claims against any Defendant in their individual capacity, however, such claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Eighth Amendment claims that Defendants Sales, Maxey, and Andrews were deliberately indifferent to his knee injury and his ADA claims against those same three Defendants in their official capacities shall proceed for further factual development. It is **RECOMMENDED**, however, that any remaining claims be **DISMISSED without prejudice**. Plaintiff's motion for a jury trial (ECF No. 8) is **DENIED as moot**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Sales, Maxey, and Andrews, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Each Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a

party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 1st day of July, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE